**IN THE COURT OF APPEALS OF IOWA**

No. 17-0848
Filed August 2, 2017

**IN THE INTEREST OF A.M., L.M., M.M. and S.M.,**
**Minor Children,**

**M.K., Mother,**
　　　Appellant.
_____

Appeal from the Iowa District Court for Montgomery County, Amy Zacharias, District Associate Judge.

A mother appeals the termination of her parental rights to her four children. **AFFIRMED.**

C. Kenneth Whitacre of C. Kenneth Whitacre Law Office, Glenwood, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Justin R. Wyatt of Woods & Wyatt, P.L.L.C., Glenwood, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her four children, born in 2007, 2009, 2011, and 2012. She contends the State did not prove one of the grounds for termination cited by the district court.

The court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e) (2017) (requiring proof of several elements, including proof that the parent failed to maintain significant and meaningful contact with the children) and (f) (requiring proof of several elements, including proof the children could not be returned to the parent's custody). The mother does not challenge the evidence supporting termination under the second ground. Accordingly, we may affirm the termination decision under that provision. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999) ("When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm."). We elect to do so here, for the following reasons.

The children were removed from the mother's care in 2015 based on her use of methamphetamine while caring for them. They were placed with their paternal grandparents. The mother completed drug treatment programs, and the children were returned to her care for a few months. However, the mother resumed her methamphetamine use and the children were once again placed with their grandparents.

At the termination hearing, the mother testified, "It's all I know in this town is to use methamphetamine." She stated she used the drug a week before the termination hearing, said she would need a year of sobriety before she could

convincingly seek to have the children returned to her care, and admitted there was no way she could take care of the children immediately.

On our de novo review, we conclude the State proved by clear and convincing evidence that the children could not be returned to her custody and termination was therefore warranted under Iowa Code section 232.116(1)(f). Additionally, we agree with the district court that placement of the children in a guardianship in lieu of termination was not a realistic option given the mother's ongoing drug use.  As the district court stated, "The Court has no idea when [the mother] would, if ever, be able to resume care of her children.  These girls are way too young not to have a permanent home."

We affirm the termination of the mother's parental rights to her four children.

**AFFIRMED.**